[Buckley *et al.* v. Anderson *et al.*]

# Buckley *et al. v.* Anderson *et al.*

*Bill in Equity for Appointment of Receiver of Dissolved Corporation.*

1. *Bill for appointment of receiver of corporation dissolved by expiration of time; equity of bill.*—A bill filed seeking the appointment of a receiver of a corporation whose charter has expired by limitation, which avers that the defendants who were members of the board of directors of said corporation had become managers of the business of said dissolved corporation and trustees under the statute, and which avers that among the assets belonging to said corporation there were promissory notes for large amounts given by each of said defendants for different sums, that said notes were, at the time of the filing of the bill and had been, for a long time previous thereto, in the custody and under the control of the defendants as said trustees, and were unpaid, that said trustees had made no efforts to collect said notes, but on the contrary had failed and refused to recognize said notes as binding obligations due from said trustees to the company and that they had refused to take any steps to enforce the collection of said notes,—contains equity.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellees, P. J. Anderson as trustee and as shareholder of the Commercial Fire Insurance Company, a corporation dissolved by limitation of time and by John D. Nicrosi, also a shareholder, not a trustee, against the appellants, C. W. Buckley *et al.*

The purpose of the bill and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

[Buckley *et al.* v. Anderson *et al.*]

WATTS, TROY & CAFFEY, for appellants, cited *Anderson v. Buckley*, 126 Ala. 622; *Rapier v. Gulf City Paper Co.*, 64 Ala. 330; 3 Brick. Dig. 377, § 150; *Burgess v. Martin*, 111 Ala. 657; *Flewellen v. Crane*, 58 Ala. 627.

GUNTER & GUNTER, J. M. CHILTON and E. P. MORRISETTE, *contra*, cited *Byrd v. McDaniel*, 26 Ala. 583; *Stallings v. Newman*, 26 Ala. 300; *Decatur B. & Ins. Co. v. Neal*, 97 Ala. 717; *Gay v. Brierfield*, 94 Ala. 303; *Johnson v. Bell*, 71 Ala. 258; *State v. Bank*, 5 Baxter 101; *Bacon v. Robertson*, 18 How. 480.

HARALSON, J.—The bill shows that the Commercial Fire Insurance Company, having its principal place of business in the city of Montgomery, was, on the 11th of April, 1878, duly organized under the general corporation laws of the State of Alabama; that after the expiration of the time in which said corporation was organized to do business by its charter, namely, about the 11th April, 1896, said corporation was dissolved by limitation, and the administration of its affairs passed into the hands of the managers of the business of the corporation at the time of its dissolution. Under the Code, sections 1298 (1690) and 1299 (1691) such a corporation continues to exist as a body corporate for the term of five years after such dissolution, for the purpose of prosecuting or defending suits, settling its business, disposing of its property, and dividing its corporate stock, but not for the purpose of continuing its business. The trustees or directors at the time of the dissolution continue to be the trustees of the stockholders and creditors, authorized to settle the affairs of the corporation, dispose of such property as is necessary to pay its debts, and divide among the stockholders the money and property remaining after payment of the debts and necessary expenses.

The bill avers that the managers of the business of said corporation at and before the time of its dissolution, in April, 1896, were S. C. Marks, C. W. Buckley, M. P. LeGrand, H. C. Tompkins, F. Duncan, J. H.

Clisby, C. A. Lanier and P. J. Anderson, the latter being one of the complainants in this bill; that immediately after the dissolution of said corporation, on or about the 15th April, 1896, C. W. Buckley was chosen by the board of directors to be chairman of the board of trustees, and said former directors entered upon the discharge of their duties as such to settle the affairs of said corporation. These persons are made parties defendant to the bill. Its purpose is to remove them as trustees under the statute, and for the appointment of a receiver *pendente lite.* The defendants answered the bill very fully, setting up that they had diligently and honestly performed their duties in every respect, and without any unnecessary delay, showing that the management of the trust had been economical, judicious and capable. The chancellor refused to displace the management and appoint a receiver, and on appeal to this court by the complainants his decree was affirmed.

On its return to the lower court, the case was tried upon the demurrer to the bill as amended, and on a motion to dismiss for the want of equity. The court overruled the demurrer and the motion to dismiss, and defendants prosecute this appeal.

The grounds of demurrer were, that the bill fails to show any breach of trust by respondents; that it fails to aver any particulars of waste, or to show any instance of waste or any fraud on their part, and that it fails to aver that any of the notes set forth in paragraph 5 of the bill are assets of the dissolved corporation, or obligations of the parties making the same. The court, in the opinion rendered, stated that it was "of the opinion that the equity of the bill depends upon the controversy over the notes which are said to have been given to preserve the capital stock of the defendant corporation. Neither in the original nor amended bill is there any admission on the part of complainants that such was the true and only office of the notes referred to. The complainants persevere in their allegation that the said notes are a part of the assets of the corporation and charge defendants with culpable failure and refusal to realize upon them. But for this feature of the bill, the demurrer would be sustained."

Section five of the bill charges, that among the assets that belong to said Insurance Company are promissory notes for large sums, given by each of the said trustees except by the complainant Anderson, for different sums, aggregating $14,950; "that these notes are now and have been in the custody and under the control of said trustees, are yet unpaid, and no effort has been made by said trustees to collect said notes, but on the contrary, said trustees who control the management of the affairs of said dissolved corporation, declare that said notes were given by them with an understanding among themselves that they were not to be paid, and deny that they are collectable assets of said corporation, and individually deny any liability on their said notes given to said corporation by them."

The 6th paragraph sets up, "that one of the makers of said notes, H. C. Tompkins, died nearly twelve months ago and the chairman or president of the board of trustees, C. W. Buckley, who had possession and control of said notes, failed to present said note or file it, (as a) claim against the estate of said H. C. Tompkins until recently, and not until requested and urged by complainant, Anderson, to present it before it became barred by the statute of non-claim. * * * * Complainants charge that it is the purpose of said trustees to take no steps to collect said other notes herein-above named."

Without the averment of the bill as to these notes, it was without equity, and subject to the demurrer interposed. In nothing else can its equity be rested.— *Jones v. Phillips*, 77 Ala. 314, s. c. 82 Ala. 102.

On the averments of the bill that these notes are the property of the said insurance company, under the custody and control of the defendants as trustees, and that they have failed and refuse to recognize them as obligations due the company and to take any steps to collect them, the bill must be held to contain equity, and not subject to the demurrer interposed.

Affirmed.