# Pankey, *et al. v.* Lippman, *et al.*

*Bill to Subject Unpaid Subscription of Stock to Payment of Debt.*

(Decided May 14, 1914. Rehearing denied June 24, 1914.
65 South. 771.)

1. *Corporations; Actions Against; Bill*—A bill by creditors seeking to invoke the remedy prescribed by section 3516, Code 1907, contains equity.

2. *Same; Dissolution; Right of Action.*—The directors of a corporation being trustees for the collection of assets and the payment of corporate debts, a creditor, whose claim is contingent and dependent upon damages for a breach of contract may maintain a bill under section 3516, Code 1907.

3. *Same.*—The provisions of section 3516, Code 1907, bring into play a general practice in equity in the administration of a trust; hence, a creditor may maintain a bill to enhance the assets of the corporation by compelling payment of unpaid subscription of stock, notwithstanding his claim has not been reduced to judgment in an action at law.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by J. & G. Lippman against T. M. Pankey and others as directors and individuals, under § 3516, Code 1907, to enhance the assets of the corporation already dissolved by compelling payment of the unpaid subscriptions to the capital stock. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

PERDUE & COX, for appellant. There is no equity in the bill.—§§ 3468, 3509, 3510, et seq., Code 1907; 12 Cyc. 11, and notes; *Moses v. St. Paul,* 67 Ala. 168; *Nixon v. Duncan,* 48 Ala. 455. Complainants must show that they have exhausted their remedies at law.—*Turrentine v. Koopman,* 124 Ala. 211; *Lehman v. Meyer,* 67 Ala. 396. Where the statute provides the remedy in reference to creditor's bills, it must be followed.—*Nelson v. Hubbard,* 96 Ala. 238. No trust fund for the benefit of creditors arises except upon the insolvency of the corporation.—10 Cyc. 788. A general creditor must procure a judgment before proceeding to subject unpaid subscriptions.—*Chambedlain v. Bromberk,* 83 Ala. 583.

A. LEO OBERDORFER, for appellee. Directors of Dissolved Corporation. Trustee for Creditors.—Code 3516. Person holding a claim for breach of contract a creditor.—*Garnard v. Eslover,* 20 Ala. 732; *Anderson v. Anderson,* 64 Ala. 403; *McDonnell v. Alabama Gold Life Ins. Co.,* 85 Ala. 401; Thompson on Corporations, Sec.

6608; *Keel r. Larkin,* 72 Ala. 493; *Bragg v. Patterson,* 85 Ala. 276; *Yeend v. Weeks,* 104 Ala. 341; *Wehaven Steam Saw Mill Co., v. Fowler,* 20 Conn. 103; *Bishop v. Redman,* 83 Ind. 157; *Spader v. Merrill,* 20 Atl. 378; *Marseller v. Mills,* 38 N. E. 370. Creditors without judgment may have trust fund administered.—*McDonnell v. Alabama Gold Life Ins. Co.,* 85 Ala. 401; *Warren v. Kilgore,* 58 South. 432; *Drennen v. Jenkins,* 60 South. 856; 5 Thompson on Corp, Secs. 6580, 6505; *School District v. Greenfield,* 6 Atl. 484; *Keene v. Maple Shade & Imp. Co.,* 5 Atl. 484; *Tapley v. Keller,* 117 N. Y. Sup. 817; *General R. Signal Co. v. Kabe,* 106 N. Y. Sup. 729; *American Ice Co. v. Pokono Ice Co.,* 165 Fed. 714. Creditor excused from securing judgment before suing for unpaid stock liability when the corporation has been dissolved.—Thompson on Corp., Sec. 4958, 4964; *Drennen v. Jenkins,* 60 South. 856. But aside from what might be required to enforce liability against stockholders generally, no judgment is required to force the directors (who are trustees of its assets for its creditors) of a dissolved corporation to pay their unpaid subscriptions.—*Drennen v. Jenkins,* 60 South. 856.

McCLELLAN, J.—The appeal is from a decree overruling demurrers to the original bill. The complainant (appellees) assert that they were creditors of a corporation, created under the laws of Alabama, called the Tom Pankey Brokerage Company. The nature and sum of their claim against the corporation was and is the result of the breach by the corporation of an executory contract of purchase and sale of certain commodities, the corporation having refused to receive them; whereupon the complainants sold the same in open market at the prevailing market price, entailing damages to them of approximately $1,500. The bill

shows that soon after the contract was made the stockholders of the corporation caused its dissolution, by consent, according to the authority to that end afforded by Code, § 3510.

The bill proceeds on two theories, carrying appropriate prayers to give effect to the relief desired. The first is predicated of the statute (Code, § 3516) whereby corporations, dissolved otherwise than by judicial decree, are accorded a continued existence for certain purposes consistent with final, full adjustment and extinction; and the directors thereof are constituted trustees to settle the corporate affairs, collect debts, sell and convey property, divide money and property among the stockholders, "after paying its debts." - The bill, filed after such statutory dissolution, avers, in one aspect, that the respondents, who were directors, came into possession of the assets of the corporation; and seeks the satisfaction of the described demand on the notion of an accounting by the director-trustees and the enforcement, under the practices of equity, of their liability in the premises. The other theory of the bill, conditioned on mistake as to the formerly asserted right to relief, is rested upon the assertion, in effect, that the stockholders had not fairly and adequately discharged their obligations with respect to their subscriptions for the respective shares of capital stock subscribed for by them —alleges a fraudulent scheme to pay for the major subscription for shares according to property, exchanged for stock issue, a "greatly inflated and exaggerated value"—and thereby making a case, if sustained, for established and governing additional assets of the corporation wherefrom the complaining creditors might have their demand satisfied, or at least discharged pro tanto. Of course, our statement is summary—made so out of regard for a desirable brevity.

The legal effect of Code, § 3516—manifestly so intended by the lawmakers—is to constitute the property and rights of a corporation dissolved otherwise than by judicial decree a trust fund, with the directors as trustees, to effect the righteous purposes set down in the statute. One of these is to pay the obligations incurred, assumed, or imposed during the active life of the corporation. Given a creditor who may invoke the powers of a court of equity to declare, govern, and enforce rights and remedies attaching or affecting a trust estate or a trust function, a bill cannot be without equity that would invoke equity's authority to promote and effect the due and just administration of a trust thus established for the purposes the statute (section 3516) plainly intends. As for property, the subject of the trust estate, the statute (section 3516) expressly provides:

The trustees "are jointly and severally liable to its creditors and stockholders to the extent of the property which may come into their hands."

The bill carries sufficient averments to invoke the liability thus declared. If the complainants are creditors of a class who may implead the director-trustees in the premises, their bill shows them to be parties with a particular concern and interest in the proper administration of the trust existing when the bill was filed.

It is insisted that the complainants, holding the claim the bill describes, are not creditors of a character allowed to invoke equity to their relief. It is urged that they are not judgment or lien creditors and that their demand is for unliquidated damages.

Under the terms of the statue (section 3516) and in accord with its obvious object, the complainants are creditors within its purview, notwithstanding their demand is contingent and arises out of the breach of con-

tract.—Thompson on Corporations, § 6608; *Anderson v. Anderson,* 64 Ala. 403; *McDonnell v. Life Ins. Co.,* 85 Ala. 401, 5 South. 120; *Warren v. Kilgore,* 176 Ala. 476, 58 South. 432. The reduction of such a claim to judgment is not a condition to the creditor's right to invoke equity's power to administer the trust, of and in which the creditor is a statute-recognized beneficiary. The statute provides for no such restriction as respects the character of the creditor's demand. The courts cannot interpolate with the result that the object of the statute would be so restricted.

As to the second phase of the bill, viz., wherein it is sought to enhance the assets of the dissolved corporation by compelling payment of unpaid subscriptions for stock, the authority of *Drennen v. Jenkins,* 180 Ala. 261, 60 South. 856, concludes against the appellant's contention that a judgment at law is a condition precedent to the equity of a creditor's bill to exact of stockholders the satisfaction of their liability for unpaid subscriptions for capital stock. The status of a trust established by the statute (section 3516) brings into play the general doctrines and practices of equity in the administration of a trust brought within its jurisdiction; and to justify —indeed, to require—the full exercise of its powers to the end that complete adjustment and relief may be made and awarded. Equity's customary thoroughness so requires.

There was no error in overruling the demurrer. The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.