# Belleview Cemetery Co., *et al. v.* Faulks.

### Bill to Subject Unpaid Stock Subscription.

(Decided January 11, 1917.   73 South. 927.)

1. **Equity; Bill; Multifariousness.**—A bill filed by a judgment creditor to subject equitable assets of the corporation to the satisfaction of a judgment at law, setting out such assets to be, first, those arising from the right of the corporation to call on its stockholder for their unpaid subscriptions, and second those that may be produced by setting aside fraudulent conveyances of the corporate property, is not subject to demurrer for multifariousness and any number of fraudulent grantees and stockholders who owe for subscriptions on their capital stock may be joined in one bill.

2. **Corporations; Liabilities of Stockholders; Creditors.**—Where a creditor has sued a corporation at law, has obtained judgment and had execution thereon returned "no property found," such creditor may proceed in equity to compel payment by stockholders who have surrendered their stock and taken assets in the corporation in lieu thereof; and a stockholder who has paid his subscription with property at an inflated value may be subjected by such creditor in the same manner to the extent of the amount due the corporation.

3. **Same.**—A creditor of a corporation seeking to hold the stockholders for the amount for which they owe the company, although having paid their subscriptions with property at an inflated value, is not required to plead his right, title or claim more clearly than to state the facts with reference to the acts subjecting the stockholders to liability.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Bill by J. D. Faulks against the Bellview Cemetery Company and others. From a decree overruling demurrer to the bill, respondents appeal. Decree affirmed.

The facts alleged in the bill are as follows: That the plaintiff did a lot of grading, leveling, and beautifying the cemetery grounds for the Bellview Cemetery Company, under a contract for an agreed price, and which amounted to, when the work was done, $1,412.59, and after the refusal or failure of said company to pay the amount, complainant instituted suit against the company in the city court of Bessemer and recovered judgment for the amount on January 6, 1913, upon which an execution was issued and returned "no property found" before the original bill in this case was filed. That the Bellview Cemetery Company was a corporation organized under the laws of this state, with an authorized capital stock of $5,000, and that the company was pro-

moted and organized by the individual defendants W. S. Lane, C. G. Schoenherr, A. J. Ozane and G. D. Lane, who subscribed for all of its stock. That the whole of the subscriptions to its authorized capital stock was discharged by paying into the corporation and conveying to it cash and property to the amount in value of, to-wit, $2,500, or 50 per cent. of the amount of said subscriptions. That the respondent Bellview Cemetery Company bought certain lands described in the bill under conditional sale contract at the recited consideration of $10,000, the vendor retaining title until the amount was paid, when a deed to the company was to be executed by the owners. That said conditional sale contract also provided that the said conditional vendee company was to improve the property for cemetery purposes by grading and beautifying the same. That the complainant contracted with said Bellview Cemetery Company at the instance of its officers or agents, said individual defendants, to do said work, grading and improving said property, and did the same under his contract. And that upon said company failing and refusing to pay him for the work he sued the said Bellview Company to recover for the work done, and procured a judgment for $1,412.50, no part of which nor the costs of the case has been paid by the defendants or either of them. That the plaintiff's labor and money prepared said property for cemetery purposes. That the individual defendants organized the Brighton Cemetery Company with the same amount of authorized capital stock as that of the Bellview Cemetery Company. That the respondents Jas. H. Davis, Mary E. Wagensler, and George M. Wagensler ostensibly subscribed for the whole of the capital stock of the said new company, and paid or discharged the whole of their subscriptions by transferring and conveying to it, said Brighton Cemetery Company, the said lands purchased by said Bellview Cemetery Company, except that a part of said subscriptions were discharged by the transfer to said company of a judgment in favor of said Mary E. Wagensler against said Bellview Cemetery Company, purporting to have been procured in the city court of Birmingham for $4,333.39. That the claim on which said judgment was founded was simulated, and the suit was filed at the instance of the respondents, with the agreement that there should be no appearance for the said defendant Bellview Cemetery Company, which was owned, officered, and controlled by the individual respondents, and the judgment was procured under

said circumstances, and was a fraud upon the court, which rendered it as well as on the creditors of said defendant, and it was not a valid bona fide claim.  That in the act of organizing the said Brighton Cemetery Company, it succeeded to substantially all of the assets, property, and holdings of said Bellview Company, and has continued to operate and deal with said property rights, etc., just as its predecessor, and that in equity and good conscience said Brighton Cemetery Company is, in so far as the complainant is concerned, the Bellview Cemetery Company, and liable for his said judgment.  And that it would be unconscionable to allow the said Brighton Cemetery Company to realize the fruits of complainant's labor on said lands without compensating him for the same.  That. the course and transactions of the defendants as disclosed was a scheme on the part of the defendants to defraud complainant out of his said just judgment.  That the property described in the bill was, at the time of the organization of the Brighton Cemetery Company and the conveyance of the said property to it, subject to the payment of complainant's said judgment, and was transferred from said Bellview Company to said Brighton Company, incumbered with the liability, and is still subject thereto.

BEDDOW & OBERDORFER, for appellants.  ESTES & JONES, for appellees.

THOMAS, J.—This is an appeal by the Brighton Cemetery Company, a corporation, James H. Davis, Mary E. Wagensler, and George M. Wagensler, from a decree of the city court overruling the several separate demurrers to a bill of complaint filed by J. B. Faulks as a judgment creditor of the Bellview Cemetery Company, a corporation; to the properties and rights of which latter company the Brighton Cemetery Company succeeded by purchase.

(1) It has long been settled that a bill filed by a judgment creditor to reach the equitable assets of a corporation in satisfaction of the complainant's judgment at law, averring such assets to be (1) those arising from the right of the corporation to call on its stockholders for their unpaid subscriptions to the capital stock, and (2) those that may be produced by the setting aside of fraudulent conveyances of the corporate property, is not subject to demurrer for multifariousness.  Any number of fraud-

ulent grantees and stockholders subject as such for unpaid stock may be joined in one bill; such different assets come from a common source, the corporation, debtor to the complainant.—Code, 3095; *Gassenheimer v. Kellogg,* 121 Ala. 109, 26 South. 29; *Henderson v. Hall,* 134 Ala. 455, 32 South. 840, 63 L. R. A. 673; *Webb v. Butler,* 192 Ala. 287, 68 South. 369, Ann. Cas. 1916D, 815; *Hall and Farley, Trustees, v. Henderson,* 114 Ala. 601, 21 South. 1020, 62 Am. St. Rep. 141; *Clay, Adm'r, v. Gurley, Adm'r,* 62 Ala. 14; *Lehman v. Meyer,* 67 Ala. 396; *Holt v. Wilson,* 75 Ala. 58; *Russell v. Garrett,* 75 Ala. 348; *Hinds v. Hinds,* 80 Ala. 225; *Allen v. Montgomery, etc., Co.,* 11 Ala. 437; *Durr v. Hanover Nat. Bank,* 170 Ala. 260, 53 South. 1012.

(2) The law is further settled that when a creditor has sued a corporation at law to judgment, and had execution thereon which is returned "No property found," such creditor may proceed in equity to compel payment by stockholders who have surrendered their stock and taken assets of the corporation in lieu thereof. And it must follow that a stockholder who has paid up his subscription for stock in the corporation with property at an "inflated value," as heretofore defined by this court, may be subjected by such a creditor, in the same manner, to the extent of the amount so due the corporation. That is to say, any balance due on the stock subscription for the excess over the reasonable value of the property so transferred to the corporation may be subjected to the payment of the creditor's demand. In either case it is an equitable asset of the corporation—so far as the creditor is concerned—in the hands of the stockholders, that is sought to be subjected to the payment of the judgment.

The rule declared in *Elyton Land Company v. Birmingham, etc., Co.,* 92 Ala. 407, 9 South. 129, 12 L. R. A. 307, 27 Am. St. Rep. 65, and followed by our courts, is as follows:

"When a subscription for stock in a corporation is made payable in property, the property must be taken at its reasonable money value; and though a margin will be allowed for an honest difference of opinion as to its value, a valuation grossly excessive, knowingly made, while its acceptance may bind the corporation, is a fraud on creditors, and they may proceed against the stockholders individually as for an unpaid subscription."—*Nicrosi v. Irvine,* 102 Ala. 648, 15 South. 429, 48 Am. St. Rep. 92; *Hall and Farley v. Henderson, supra; Roman v. Dimmick,* 115 Ala. 233, 22 South. 109; *Montgomery Iron Works v. Capital City Ins. Co.,*

[Gibson v. Gaines, et al.]

137 Ala. 134, 34 South. 210; *Lea v. Iron Belt Mercantile Co.,* 119 Ala. 271, 24 South. 28; Id., 147 Ala. 421, 42 South. 415, 8 L. R. A. (N. S.) 279, 119 Am. St. Rep. 93; *Pickering v. Townsend,* 118 Ala. 351, 23 South. 703; *Roman v. Dimmick,* 123 Ala. 366, 26 South. 214.

(3) The complainant is not required to show his right, title, or claim more clearly than to state the facts with reference to the acts subjecting the several respondents to such liability. The demurrers were properly overruled.

It results from what we have said that the decree of the judge of the city court of Bessemer, sitting in equity, must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.