·(96 South. 336)

## GLENNON et al. v. TOUART. (1 Div. 278.)

(Supreme Court of Alabama.   May 10, 1923.)

**Tenancy in common ⊕⟶37—Bill for accounting against cotenants cognizable in equity.**

The relationship between owners in common by inheritance of real estate, one of whom intrusted the other tenants in common with the sale of his interest together with theirs, and from the proceeds to discharge outstanding liens, to retain commissions, and to pay the balance to the owners of the various interests according to their respective rights, is such as to make the cotenants in whom such confidence was reposed quasi trustees, and as such under duty to account for such proceeds, and a bill in equity for accounting by one of them against the others, where there exists a dispute as to liens properly chargeable against complainant's interest, cannot be defeated on the ground that complainant has a complete and adequate remedy at law.

Appeal from Circuit Court, Mobile County; Safford Berney, Judge.

Bill for accounting by Anthony J. Touart against James K. Glennon and others. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

Smiths, Young, Leigh & Johnston, of Mobile, for appellants.

If the allegations of the bill be true, there was an express contract between appellee and appellants, and appellants are due appellee one-seventh of $50,000, less his share of tax liens and expense of sale. There is one item of debit, and very few items of credit. Even numerous items do not render an account complicated, and debits and credits alone do not constitute a mutual account. Reilly v. Woolbert, 196 Ala. 191, 72 South. 10; Lee v. Houston, 197 Ala. 652, 73 South. 327; Gayle v. Pennington, 185 Ala. 53, 64 South. 572; Dargin v. Hewlitt, 115 Ala. 510, 22 South. 128; Dickinson v. Lewis & Co., 34 Ala. 638; Attalla Co. v. Winchester, 102 Ala. 184, 14 South. 565; Crothers v. Lee, 29 Ala. 337; Oden v. Lockwood, 136 Ala. 514, 33 South. 895; Hulsey v. Walker County, 147 Ala. 501, 40 South. 311. There is no such fiduciary relation between appellants and appellee as will give a court of equity jurisdiction on that account. The relationship is simply that of principal and agent. Phillipps v. Birmingham Industrial Co., 161 Ala. 509, 50 South. 77, 135 Am. St. Rep. 156; Clements v. Cooper (Sup.) 136 N. Y. Supp. 93. One suit at law by appellee against appellants would determine the whole controversy. Ætna Ins. Co. v. Hann, 196 Ala. 234, 72 South. 48; Turner v. City of Mobile, 135 Ala. 73, 33 South. 132; Phillips v. Catts, 206 Ala. 594, 91 South. 579; Roanoke Co. v. Saunders, 173 Ala. 347, 56 South. 198, 35 L. R. A. (N. S.) 491.

James E. Duggan, of Mobile, for appellee.

A court of equity will grant an accounting, if a fiduciary relation between the parties be shown. Hall v. McKeller, 155 Ala. 508, 46 South. 460; Indian Ref. Co. v. Van Valkenburg, 208 Ala. 62, 93 South. 895; Pollak v. Claflin Co., 138 Ala. 644, 35 South. 645; Kirkman v. Vanlier, 7 Ala. 217; Halsted v. Rabb, 8 Port. 63; 6 Pom. Eq. Jur. (3d Ed.) § 931. A strict trust relation need not be shown, but that of a quasi trust is sufficient. Pomeroy, supra.; W. U. Tel. Co. v. Amer. Bell. Tel. Co., 125 Fed. 342, 60 C. C. A. 220; Tolleson v. Henson, 207 Ala. 529, 93 South. 458.

SAYRE, J.   Appellee filed his bill for an accounting against the Glennons and six others, the latter being five brothers and a sister of appellee. The substance of the bill is that appellee, his brothers and sister, are the owners in common by inheritance of various and several parcels of real property in the city of Mobile; that appellee employed the Glennons, appellants, to negotiate a sale of his interest in the property, to collect the purchase money, to discharge such liens as affected his individual interest in the property, to reserve a pro rata share of expenses incurred in making the sale, including a commission, and pay over the balance to appellee. At the same time, but by contracts entirely separate, appellants were employed by the other tenants in common to make a sale of their interests, to collect the purchase money, out of which they were to discharge mortgage and other liens of various kinds which affected their several interests, retain commissions, and pay over the balance to the owners according to their several interests. Appellants sold the property for a lump sum, appellee and his cotenants executing titles to the purchaser; but the parties to this appeal have been unable to come to a settlement, appellants contending that appellee's interest in the property was subject to liens which the latter will not concede. The sole question presented by this appeal is whether appellee should be denied access to the court of equity on the ground that he had a complete and exclusive remedy at law, as appellants' demurrer asserted.

The court is of opinion that, in dealing with the property of appellee and his cotenants, appellants, though not trustees according to the strict technical meaning of the word, were quasi trustees in whom confidence was reposed, and are under duty to respond to appellee's bill in equity by rendering an account as to how they have distributed or propose to distribute the fund they have in hand. To this effect the following authorities are closely in point: Phillips v. Birmingham Industrial Co., 161 Ala. 509, 50 South. 77, 135 Am. St. Rep. 156; Hunter

---

⊕⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. U. S., 5 Pet. 173, 8 L. Ed. 86; 1 Pom. Eq.
Jur. (4th Ed.) § 186.

The decree overruling appellants' demurrer
is affirmed.

· Affirmed.

ANDERSON, C. J., and GARDNER and
MILLER, JJ., concur.