(102 So. 19)

### BURCH v. INGHAM LUMBER CO.
### (2 Div. 841.)

(Supreme Court of Alabama. Oct. 23, 1924. Rehearing Denied Nov. 27, 1924.)

**1. Pleading ⊂⇒111—Ruling of judge on plaintiff's burden of proving validity of service on officer of foreign corporation held not objectionable, as shifting burden of proof on plea in abatement.**

Burden of proof on plea to jurisdiction is on defendant, and where defendant foreign corporation, on such plea, presented evidence tending to overcome prima facie case made by sheriff's return of process, served on corporation's officer under Acts 1915, p. 607, court's statement to plaintiff's counsel that the burden was on plaintiff "as to showing validity of your service, as to jurisdiction," did not impose improper burden on plaintiff, but merely stated that prima facie effect of sheriff's return was overcome, and his original burden in that respect had been revived.

**2. Corporations ⊂⇒633—Evidence held to show defendant was foreign corporation.**

Evidence on plea to jurisdiction held to show that defendant was foreign corporation, with domicile in Missouri, notwithstanding absence of direct evidence that it was organized under Missouri laws.

**3. Corporations ⊂⇒668(7)—Service on officer of corporation unofficially within state invalid.**

Service of process on president of foreign corporation, in state for personal reasons, and not for transacting corporation's business, held invalid.

**4. Evidence ⊂⇒147 — Negative testimony proper, where fact provable in no other way.**

In a suit against a foreign corporation it was proper for witness to testify as to his acquaintance with its business and that it had not at any time an agent in county in question, as this was a negative fact, provable in no other way.

**5. Corporations ⊂⇒432(8)—Agency not provable by statements of alleged agent.**

Statements of alleged agent of corporation, in absence of proof of authority, are not admissible to show agency.

**6. Evidence ⊂⇒67(1)—That one was agent of foreign corporation at certain time not evidence of agency more than year later.**

That one was agent of foreign corporation at certain time is not evidence that he was agent more than year later.

**7. Corporations ⊂⇒665(4)—Location of corporation's principal place of business relevant to issues on its plea to jurisdiction.**

Fact that defendant corporation's principal place of business was in another state held relevant to issues made by plea to jurisdiction.

**8. Evidence ⊂⇒368(3)—Motion to compel production of mass of correspondence held too broad, and relevancy held not shown.**

Motion to compel witness to produce several thousand letters held too broad to be practical, and improper, where relevancy was not established.

Appeal from Circuit Court, Greene County; Fleetwood Rice, Judge.

Action by S. J. Burch against the Ingham Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The plaintiff sued the defendant, "the Ingham Lumber Company, a corporation," for breach of an alleged contract for the sale and delivery of lumber by defendant to plaintiff; the suit being filed in the circuit court of Greene county. The sheriff's return on the summons and complaint is:

"Executed by serving a copy of the within on W. F. Ingham, an officer of Ingham Lumber Company, Incorporated, this 14th day of May, 1924."

The defendant corporation appeared specially, by its attorney, and filed a plea to the jurisdiction, setting up:

"That at the time this action was commenced, and at the time of service of summons and complaint, it was a foreign corporation having its domicile in the state of Missouri, and that [at said times] it was not doing business by agent in Greene county, Alabama."

Demurrer to this plea being overruled, issue was joined thereon, and the court, sitting without a jury, rendered judgment for defendant on the plea. Plaintiff appeals, and assigns for error the rendition of the

judgment and several rulings on the evidence, which are stated in the opinion.

Hildreth & Hildreth, of Eutaw, and R. B. Evins, of Birmingham, for appellant.

The burden of proof was upon the defendant on the issue raised by the plea in abatement. 1 C. J. 275; Howell v. Howell, 171 Ala. 502, 54 So. 601; Empire R. & C. Co. v. Millett, 24 Colo. App. 464, 135 P. 127; Builders' Supp. Co. v. Piedmont Lbr. Co., 122 Va. 225, 94 S. E. 938. Testimony that a party is or is not an agent is a conclusion. 10 Ency. Evi.; Goddard & Sons v. Garner, 109 Ala. 98, 19 So. 513.

J. F. Aldridge, of Eutaw, for appellee.

The defendant was not doing business in Greene. county, and there could be no valid service upon W. F. Ingham under the circumstances. Case Threshing Mach. Co. v. McGuire, 201 Ala. 203, 77 So. 729; Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L. R. A. 543; Riverside Mills v. Menefee, 237 U. S. 189, 35 S. Ct. 579, 59 L. Ed. 910; Conley v. Mathieson A. Wks., 190 U. S. 406, 23 S. Ct. 728, 47 L. Ed. 1113; St. Clair v. Cox, 106 U. S. 350, 1 S. Ct. 354, 27 L. Ed. 222; Haas-Phillips v. Lee & Edwards, 205 Ala. 137, 87. So. 200.

SOMERVILLE, J. The chief contentions of appellant, presented as a basis for the impeachment of the judgment below, are (1) that the burden of proving every material allegation of its plea to the jurisdiction rested upon the defendant; (2) that the allegations that it was a foreign corporation, and had its domicile in the state of Missouri, are made material by their incorporation in the plea; and (3) that these allegations were not supported by any evidence before the court.

[1] The first proposition is undoubtedly correct, and the trial court so stated and ruled. At a later stage of the trial, after the reception of testimony tending to show that W. F. Ingham, upon whom the process was served as an officer of the defendant corporation, was a resident of Missouri, that the corporation's principal place of business had been in Kansas City, Mo., for 20 years or more, that it had no agent in Greene county, Ala., and was not doing business therein, before or at the time of the filing of the suit, or the serving of the summons, and that W. F. Ingham was not acting as an agent for the corporation in the transaction of any of its corporate business while he was in Greene county, and when he was there served with process, the presiding judge stated to counsel for plaintiff that the burden was on plaintiff "as to showing the validity of your service, as to the jurisdiction of the court." We do not understand from this that the court intended to place upon plaintiff the burden of disproving defendant's special plea, but only to say that the prima facie effect of the sheriff's return, showing the execution of the process on an officer of the defendant corporation (Acts 1915, p. 607), had been overcome, and that the original burden in that behalf had been revived. See Code 1907, § 5303; Hoffman v. Ala. Distillery. Co., 124 Ala. 542, 27 So. 485. That burden is imposed and exists, irrespective of a special plea to the jurisdiction.

[2] Conceding, without deciding, that defendant was not entitled to judgment on its plea to the jurisdiction, without proof that it was a foreign corporation with a domicile in Missouri, we think that the evidence before the court fairly justified that conclusion as an inference of fact, though there was no direct evidence that the corporation was organized under the laws of Missouri. In a legal sense a corporation can have but one domicile, and that is "the county or district within the state of its creation, where its principal office and place of business is situated." 14a Corp. Jur. 791, §§ 2876, 2877, 2881; Id. 1226, § 3933; Bergner, etc., Co. v. Dreyfus, 172 Mass. 154, 51 N. E. 531, 532, 70 Am. St. Rep. 251, 14 Corp. Jur. 338, § 416.

The evidence shows that defendant's principal place of business has been located in Kansas City, Mo., for 20 years, that all of their business, from everywhere, was through that office, that no principal place of business had been maintained at any other place, and that the president and the treasurer of the company resided there. All this is, of course, consistent with the existence of a technical legal domicile elsewhere; but, in view of the character of this corporation and of its business, it may, in the absence of countervailing proof, be fairly presumed to be a Missouri corporation. We think the evidence is conclusive that defendant had no agent in Greene county doing business for it at the time the suit was filed and process served. Int. C. S. Oil Co. v. Wheelock, 124 Ala. 367, 371, 27 So. 517.

[3] So, under the authorities, valid service of local process cannot be made on a foreign corporation by serving it on its officer or agent, who comes within the borders of the state with no purpose of transacting any business for the corporation, and vested with no authority therefor. Haas-Phillips Produce Co. v. Lee & Edwards, 205 Ala. 137, 87 So. 200, citing Riverside Mills v. Menefee, 237 U. S. 189, 35 S. Ct. 579, 59 L. Ed. 910. This principle condemns as ineffective the service of process in this case on W. F. Ingham, who, though president of the defendant corporation, was in Alabama and

Greene county for personal reasons, and not for the purpose of transacting any business for the corporation, as the evidence must be held to show.

[4] It was proper for the witness Burnett to testify to his acquaintance with the defendant company's business, and that it had not at any time had an agent in Greene county for the transaction of its corporate business. This was a negative fact, which could be proved in no other way than by such a negation for, ostensibly, there were no facts for the witness to state, but simply an absence of facts—a case very different from the affirmative proof of an existing agency.

[5, 6] Burnett's conversations with plaintiff, in the absence of authority from defendant, were not competent to show that he was the agent of defendant. The question of breach of the contract vel non was not embraced within the issue. Nor, in any event, would the fact that Burnett, in the fall of 1922, assisted both parties in their negotiations for a purchase and sale of timber, be evidence that Burnett was "doing business" as agent for defendant when this suit was filed in February, 1924. See Int. C. S. Oil Co. v. Wheelock, 124 Ala. 367, 371, 27 So. 517.

[7] The fact that defendant's principal place of business was in Kansas City, Mo., was relevant to the issues made by the plea, and was properly admitted. So, also, was the fact that the president and treasurer of the corporation lived at that place, though it was a mere circumstance, of little weight in itself.

[8] The plaintiff introduced in evidence a number of letters that passed between Burnett and defendant, and himself and defendant, relating to the alleged transaction for breach of which he is suing, most of them being produced and identified by Burnett. On cross-examination Burnett testified that he had in his files 3,000 or 4,000 additional letters, the "general correspondence" between defendant corporation and his own, the Ingham-Burnett Lumber Company. Plaintiff moved for an order from the court to compel the production of this entire correspondence for inspection at the trial. Manifestly, this motion was too broad for any practical purpose. Nor would it have been proper to require the witness to bring into court such a mass of correspondence, the relevancy of which was not even suggested.

We have examined all of the assignments of error, and do not find any to justify a reversal of the judgment, which will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.