(117 So. 672)

**CARNS et al. v. FILLER.** (6 Div. 127.)

Supreme Court of Alabama. June 28, 1928.

Mullins & Jenkins, of Birmingham, for appellants.

A. Leo Oberdorfer, of Birmingham, for appellee.

102

GARDNER, J. The appellee is a judgment creditor of defendant the Mineral City Land Company, with execution returned "No property found," and files the bill in this cause, seeking to subject to the satisfaction of his judgment the assets of the corporation, which are alleged to have been transferred to the defendant stockholders and directors following a voluntary dissolution thereof. Section 7069, Code of 1923; Pankey v. Lippman, 187 Ala. 199, 65 So. 771. The salient features of the bill's averments appear in the report of the case. Demurrer to the bill was overruled, and defendants appeal.

That this bill is well filed by complainant, and is not defective because not filed for the benefit of all the creditors of the corporation is well settled under the decisions of this court. Hall & Farley, etc., v. Henderson, 114 Ala. 601, 21 So. 1020, 62 Am. St. Rep. 141; Henderson v. Farley Nat. Bank, 123 Ala. 547, 26 So. 226, 82 Am. St. Rep. 140; Tissier v. Waltes (Ala. Sup.) 39 So. 924; Merchants' Bank v. Parrish, 214 Ala. 96, 106 So. 504; Belleview Cemetery Co. v. Faulks, 198 Ala. 579, 73 So. 927; Perrine Sawmill Co. v. Powell, 207 Ala. 447, 93 So. 33; Pankey v. Lippman, supra. See, also, Sugar, etc., Co. v. Fies, 213 Ala. 556, 105 So. 590; sections 6465, 7338, Code of 1923; 5 Pom. Eq. Jur. §§ 2316, 2317; Sims' Chancery Practice, § 119.

The case of Scott v. Ware, 64 Ala. 174, relied upon by counsel for appellant is not analogous, and in no manner conflicts with the authorities above cited, and the conclusion here reached.

The insistence that the bill seeks discovery, and is defective for a lack of verification, is also without merit. The discovery sought is incidental and auxiliary merely to the relief sought, and when such is the case verification is unnecessary. Shelton v. Timmons, 189 Ala. 289, 66 So. 9; Henderson v. Farley Nat. Bank, 123 Ala. 547, 26 So. 226, 82 Am. St. Rep. 140. In answer to the further insistence that the allegations as to discovery sought are insufficient, the following excerpt from Shelton v. Timmons, supra, will suffice:

"The allegations necessary to support an independent bill for discovery * * * are not required, where the discovery sought is in aid merely of another and primary equity."

The bill avers in paragraph 6 that all the assets of the corporation, "either in money or in choses in action," have been distributed to defendant stockholders and directors, and in the ninth paragraph is the averment that the nature, kind, amount, and by whom and what guise held, is unknown to complainant," and that a discovery is necessary.

The assignment of demurrer assailing the bill as insufficient in this respect is not well taken. Belleview Cemetery Co. v. Faulks, supra.

The decree overruling the demurrer to the bill is correct, and is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.