(134 So. 803)

48TH STREET INV. CO. et al. v. FAIR-FIELD–AMERICAN NAT. BANK.

6 Div. 788.

Supreme Court of Alabama.

May 14, 1931.

Craig & Brown, of Selma, and Ross, Bumgardner, Ross & Ross, of Bessemer, for appellants.

A. Leo Oberdorfer, of Birmingham, for appellee.

THOMAS, J.

The assignment of errors challenges the action of the trial court in holding the appellants' plea to jurisdiction insufficient in law, overruling motion to dismiss the bill, and overruling the appellants' demurrer to the **bill.**

The bill was for discovery and accounting. First National Bank of LaPine v. Bradley, ante, p. 22, 134 So. 621.

We will not consider on appeal ruling on interlocutory decree overruling the plea of venue or motion to dismiss, same not being within the provisions of the statute, and not final. Section 6079, Code, Acts 1915, p. 137; State v. Jabeles, 203 Ala. 670, 85 So. 16; Worthington v. Morris, 212 Ala. 334, 102 So. 620; Sugar Factories Const. Co. v. Fies, 213 Ala. 556, 105 So. 590.

After dissolution, the corporation existed under the statute for a period of five years for the purpose of prosecuting or defending suits, settling its business, disposing of its property, and dividing its capital stock, but not for the purpose of continuing its business. Section 7069, Code of 1923; Pankey v. Lippman, 187 Ala. 199, 65 So. 771; Pearce v. Brilliant Coal Co., 200 Ala. 630, 77 So. 4.

In the capital stock and other property of a corporation, a trust relation is created for creditors and stockholders. Adams v. Perryman & Co., 202 Ala. 469, 80 So. 853; Leyden v. Calhoun Co-operative Creamery Co., post, p. 289, 135 So. 317.

A corporation or a natural person can be sued at the place of its or his residence or domicile, Section 10467, Code; Cairns v. Bethea, 211 Ala. 635, 101 So. 587; Burg v. Smith (Ala. Sup.) 133 So. 687;[1] a bill must be filed in the county where the defendant or a material defendant resides, section 6524, Code; Burg v. Smith, supra. The bill avers that the defendant corporation resides at Fairfield, Jefferson county, Ala. The plea does not deny this, but merely avers a suspension of business. And the demurrer admits the allegation of residence when sued at its principal office, and place of business and domicile, or residence, Burg v. Smith, supra; Burch v. Ingham Lumber Co., 212 Ala. 204, 102 So. 19, and many authorities cited; 14 C. J. 338, § 416; and, where the bill shows on its face jurisdictional facts, venue cannot be challenged by demurrer, Campbell v. Crawford, 63 Ala. 392; Crawford v. Walter, 202 Ala. 235, 80 So. 73.

And a bill to require trustee directors of a corporation that has been dissolved to make discovery and accounting has equity. First National Bank of LaPine v. Bradley (Ala. Sup.) 134 So. 621;[2] Pankey v. Lippman, supra; Wooten v. Steele, 109 Ala. 563, 19 So. 972, 55 Am. St. Rep. 947.

Moreover, the bill shows that a part of the real property conveyed was in Jefferson county (Davidson v. Brown, 215 Ala. 205, 110

[1] 222 Ala. 600.
[2] Ante, p. 22.

So. 384; Burg v. Smith, supra), and cancellation was sought of the conveyance of the Jefferson county lands. Stone v. Davenport Bros., 200 Ala. 396, 76 So. 312. The lands in question were in different counties, and, while the bill was filed in Jefferson county, it may have been properly filed in either county.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

