173 So. 19

**BIRMINGHAM ELECTRIC CO. v. ALABAMA PUBLIC SERVICE COMMISSION et al.**

**3 Div. 175.**

Supreme Court of Alabama.

Jan. 21, 1937.

Rehearing Denied March 18, 1937.

Bradley, Baldwin, All & White, Wm. Rogers, and W. M. Neal, all of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Walter J. Knabe, Asst. Atty. Gen., for appellees.

FOSTER, Justice.

■ There was a demurrer to appellant's bill of complaint testing the effect of an order of the Alabama Public Service Commission, dated April 15, 1935, effective July 1, 1933, relating to electric rates for service to Homewood for street lighting. The bill must be tested by its averments when a demurrer to it is considered.

Appellant and Homewod are alleged to have made contracts for such service in question extending for a period of ten years from July, 1927, which were approved by the Public Service Commission. While said contracts were in effect, and in 1933, the Alabama Public Service Commission entered into an investigation of the rates of appellant, including that in question. Appellant stipulated as follows: "If and when any order shall be made in this cause affecting any rates and charges for electric service furnished by the respondent (appellant) that such order may be made effective retroactively as of July 1, 1933; although such order may be ordered at a date subsequent to July 1, 1933. * * * The respondent (appellant) shall be free to contest any such order on any ground except the ground that its effective date was July 1, 1933, although not entered until after July 1, 1933."

Pending the hearing, there were negotiations between appellant and the city in which appellant, as the bill alleges, proposed to make a contract for certain rates for five years retroactive from May 1, 1934, and that the city would not agree to execute the contract. The Public Service Commission took the view that the city was right in that contention and ordered the agreement to be so effective July 1, 1933. We repeat we can only consider the averments of the bill and its exhibits.

■ Authority for this bill is section 9675, Code, and those following. By them a utility, whether a transportation company or not, may file a bill in equity in Montgomery county, attacking the validity, fairness, or reasonableness of a rate order by the Public Service Commission, and if the bill shows on its face that the order is invalid, unfair, or unreasonable, jurisdiction is thereby conferred on the court to try those questions de novo, on issues as are made by the bill and such matter as may be brought in defensive pleading. Alabama Public Service Commission v. Mobile Gas Co., 213 Ala. 50, 104 So. 538, 41 A.L.R. 872.

If the bill is to be sustained, it is because it shows on its face that the order is invalid, since that is the attack sought to be made. That contention is in two aspects, and must be considered in the light of them both. The Public Service Commission acted upon its finding that appellant waived the right to insist upon its contract, and thereby opened the door to the commission to change the rate if found to be the right thing to do. Appellant in the bill attacks that finding by the commission, and contends that it has not waived its contract, except upon the condition that the new rate contract shall be operative from May 1, 1934. The commission does not agree with that contention, and found that the conduct and correspondence of appellant amounted to more than that, by which the commission was authorized to set aside the old contract, and, if they can do so, then the stipulation which we have copied took effect, and under it the commission could, as they did, make their order effective July 1, 1933.

But that finding of the commission is the matter which the bill attacks, and which appellant has the right to have tried de novo in this cause. Appellant is therefore not concluded by the finding which is sought to be attacked and retried, as it has the right to do under the statute.

■ Appellant is, however, without the power to make such contention and to try that issue in this suit, if the commission has the legal authority to vacate the contract before it expires, upon the ground that it is not binding on the state and its administrative agencies empowered to exercise the rate-making power of the Legislature. It is true that the commission has not expressly asserted such legal power, and the attorney for them does not so argue. But their contention is that appellant waived the right to insist upon its contract. But appellant is bound under its bill not only to show that it has not waived its contract, but that the commission has no power to change the rate contrary to the contract, when it is not waived.

■ Appellant has argued that the contract was for ten years, and was submitted to and approved by the Public Service Commission under section 9763, Code, and that by so doing the state and its agency, which approved the contract, cannot during its life set it aside and fix a different rate.

678

Without considering the question of whether the state Legislature has the right to set aside a contract so approved or to authorize the Public Service Commission to do so, we think that the Legislature has not so authorized the commission, and that it cannot do so, without the consent of the parties. Whether such consent was given is the issue tendered by appellant, and which is subject to trial de novo in this suit.

We think the demurrer should be overruled, and it is so ordered.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.