# Fitzpatrick *v.* Dispatch Publishing Co.

*Bill in Equity by Stockholder against Corporation, for Injunction against Increase of Stock.*

1. *Increase of stock by corporation ; constitutional and statutory provisions.*—Under constitutional and statutory provisions prohibiting private corporations to issue stock or bonds, "except for money, labor done, or money or property actually received," and declaring void "all fictitious increase of stock" (Const., Art. xiv, § 6; Code, § 2025); a corporation engaged in publishing a newspaper, with a paid-up capital of $10,000, has no authority to double its capital stock, distributing the new stock among its stockholders as a stock dividend, on the mere statement that its capital "has been invested in property which has more than doubled in value, and is now worth $20,000, over and above all liabilities."

2. *Same.*—Whether such increase of stock may not be made, when based on an accumulated money surplus, or visible, tangible property in excess of its original capital stock, is not decided.

APPEAL from the City Court of Montgomery, in equity.

Heard before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on the 14th July, 1887, by Alva Fitzpatrick, a stockholder in the Dispatch Publishing Company, a private corporation organized under the general statutes, against the said corporation, to enjoin and restrain it, its officers and agents, from issuing additional stock or certificates of stock, as determined on by resolutions adopted at a meeting of the stockholders held on the 2d July, 1887. An injunction was granted on the filing of the bill; but, after answer filed, admitting the facts as stated, but denying that they authorized an injunction, the court dissolved the injunction on motion, for want of equity in the bill; and this decree is now assigned as error.

WATTS & SON, for appellant.

TROY, TOMPKINS & LONDON, *contra.*

STONE, C. J.—The Dispatch Publishing Company is an incorporated newspaper enterprise, with a paid-up capital stock of ten thousand dollars. This stock is divided into one hundred shares of one hundred dollars each, of which

[Fitzpatrick v. Dispatch Publishing Co.]

the complainant owns twenty shares, representing two thousand dollars. At a meeting of the stockholders, properly called for the purpose, at which all the stockholders were present, it was resolved, four-fifths of the stock being voted therefor, that the stock be increased to twenty thousand dollars, or two hundred shares of one hundred dollars · each. A minute of the stockholders' meeting was kept, and it is made an exhibit to the bill filed in this cause. We copy from it as follows: "The chairman further stated, that the original capital of ten thousand dollars, for which stock had been issued, had been invested in property which had more than doubled in value, and was now worth, over and above all liabilities of the corporation, twenty thousand dollars. Thereupon the following resolution was offered: *Resolved*, that the capital stock of this company be increased ten thousand dollars, viz., one hundred shares of the par value of one hundred dollars per share, and that the same be distributed as a stock dividend of one hundred *per cent.* to the present stockholders of the company. On taking the vote on the foregoing resolution, the holders of 80 shares voted *aye*, and the holder of 20 shares voted *no*; and the resolution was adopted."

Fitzpatrick, the stockholder who was opposed to the increase, filed this bill, and obtained an interlocutory injunction, restraining the corporation from carrying the resolution into effect. On motion of the corporation the injunction was dissolved, and the present appeal is prosecuted to obtain a reversal of the decretal order of dissolution.

The ground relied on as giving equity to the bill is, that if the resolution be carried into effect, it will be violative alike of the State constitution, Art. 14, § 6, and the statute enacted upon the subject, Code of 1876, § 2035. The language of the constitution is: "No corporation shall issue stock or bonds except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void." The legislature, by act approved January 20th, 1876—Sess. Acts, 261—prescribed the manner in which private corporations may increase their capital stock or bonded indebtedness, but added a *proviso*, "That neither stock nor bonds shall be issued by any private corporation, except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void."—Code of 1876, §§ 2031 to 2035, inclusive. The *proviso* copied above is but a reiteration of the language of the constitution.

[Fitzpatrick v Dispatch Publishing Co.]

It will be observed that the only ground on which the right to issue increased stock was based, was the report made to the stockholders' meeting by the chairman, "that the original capital (ten thousand dollars) for which stock had been issued, had been invested in property which had more than doubled in value, and was now worth, over and above all liabilities of the corporation, twenty thousand dollars." It is not stated in what the original capital had been invested, nor in what its assets now consist. The corporation is a publishing company, and all men know that a press or presses, type, paper and many other things, are necessary appliances and material for making such enterprise successful. And patronage is none the less a condition of success. A newspaper is dependent for its gains on the extent of the subscription list, and the use of its columns as an advertising medium. The popularity, or good will of a newspaper enterprise, is sometimes claimed as property, and it enters into the commercial value of the adventure. All these elements of value are subject to fluctuation—to inflation and depression. In the present abnormal methods of commerce, nothing is perhaps of less stable value than property or stocks in incorporated companies. Another thought is, perhaps, not out of place. All men are inclined to over-estimate the value of their property.

We have indulged in these reflections, with no intention of taking issue with the averment of the bill, that the capital of the Dispatch Publishing Company has increased to double the value of the amount first paid in. We have no reason for suspecting anything improper in the proposed increase of stock. We are declaring a rule, however, which must govern alike this and all other propositions to issue additional stock, upon mere increased value of corporate property. The constitution, in terms, inhibits the issue of fictitious stock; that is, stock which has no valuable thing, or corporate assets, to rest on, and of which it is the representative. If it represents nothing, and has nothing to stand on, it is fictitious, it is fraudulent, it is unconstitutional.

Conceding, for the present, that if this corporation held accumulated, undistributed, tangible assets in excess of its capital stock, that excess or surplus would furnish a basis for the issue of additional stock, commensurate with the value of such excess, the case made by the report of the chairman of the stockholders' meeting falls very far short of what should be required, before an increased issue of capital stock

[Fitzpatrick v. Dispatch Publishing Co.]

should be allowed. It should have been shown in what the
original capital had been invested, in what its capital now
consists, and what makes up the increased value, which the
proposed additional stock is to represent. Less than this
would open too wide a door for fraud, and would leave a
credulous public exposed to the merciless greed of scheming
rapacity. It behooves constituted authority to keep well
abreast with the many inventions which modern cupidity has
wrought out, and which, perhaps, more than any other
agency, have called into exercise pernicious principles which
threaten the overthrow of organized government. In this
highly conservative, yet restraining spirit, the principle, con-
stitutional and statutory, on which this case mainly hinges,
had its origin, and finds its justification. Let us not, by
timid interpretation, impair the strength of this bulwark,
erected by our constitution-makers against the frauds which
have become the reproach of the age we live in.

In the absence of constitutional restraint, it must be ad-
mitted that corporations may declare stock dividends, or,
what must rest on the same principle, may issue increased
stock, based on increased capital, or increased value of accu-
mulated property, in excess of capital stock requirements.
But, as said by Cook, Stock and Stockholders, § 51: "It seems
to be generally conceded that, if the *capital stock and the
actual property* of the corporation is not permanently in-
creased to the extent of the par value of the stock distribu-
ted as a dividend, then that the issue of stock by such divi-
dend is irregular, and, under certain circumstances, fraudu-
lent." The italics above are our own, and the italicised
phrase is so marked, because in our opinion the sense and
meaning of the author would be precisely and with more
accuracy expressed, if these words were omitted.

Farther than what is said above we need not go in this case.
We have not decided, nor need we declare what would be
our ruling, if it were shown that the Dispatch Publishing Com-
pany had an accumulated money surplus, or visible, tangible
property in excess of its authorized stock, and proposed to
make that the basis of additional stock to be issued. Upon
that question we decide nothing. We simply declare that
the report of the chairman to the stockholders' meeting did
not authorize the issue of additional stock, based on the
alleged increase in the value of the corporate property.

The decree of the chancellor is reversed, and a decree here
rendered, reinstating the injunction.