# Williams *v.* Evans.

*Action on Special Contract for Price of Stock in Corporation.*

1. *Fictitious stock in private corporation, under constitutional provisions.*—A subscription to stock in a private corporation, with the understanding that the corporation shall issue "five dollars of stock for one of subscription," is in violation of the constitutional provision which declares void the fictitious issue or increase of stock by private corporations (Art. xiv, § 6); and a contract for the sale of a part of the stock so subscribed, before it has been issued, accompanied with an order to the company to issue it to the purchaser, and to transfer it to him on the books, is equally illegal and void.

| 87 | 725 |
| 94 | 326 |
| 94 | 363 |
| 87 | 725 |
| 97 | 119 |
| 87 | 725 |
| 98 | 248 |
| 87 | 725 |
| 101 | 129 |
| 87 | 725 |
| 109 | 208 |
| 87 | 725 |
| 123 | 541 |

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. JAS. R. DOWDELL.

This action was brought by H. G. Evans against E. M. Williams, to recover the price agreed to be paid for fifty shares of stock in the Decatur Land and Improvement Company; and was commenced on the 23d January, 1888.   The original complaint contained a special count on the written instrument, in the form of a bill of exchange, which was given for the agreed price, alleging its non-payment on presentment to the drawee, and the common counts; and a third count was added by amendment, which set out the terms of the contract.   The court overruled a demurrer to the third count, and, on the evidence adduced, instructed the jury to find for the plaintiff, if they believed the evidence.   The defendant excepted to this charge, and he here assigns it as error.

[Williams v. Evans.]

THORINGTON & SMITH, for appellants, cited Const. Ala., Art. XIV, § 6; *Fitzpatrick v. Dispatch Publishing Co.*, 83 Ala. 604; *Carrington v. Caller*, 2 Stew. 175; Greenhood on Public Policy, 585; *Barnes v. Brown*, 80 N. Y. 527; 1 Biss. 246, 255.

WATTS & SON, *contra*.

SOMERVILLE, J.—Upon first consideration, we were of opinion that the contract sued on in this case was not illegal, or invalid, as in violation of public policy.    But, after further deliberation, we have come to the opposite conclusion.

It is too plain for argument that, under the evidence, if the plaintiff can recover at all, it must be under the third count, which claims the price agreed to be paid for the sale of fifty shares of stock in the Decatur Land Company.    The bill of exceptions sets out all the evidence, and this evidence, in our opinion, shows a contract in violation of section 6, Article XIV, of the Constitution (1875), which provides, that "No corporation shall issue *stock*, or bonds, except for money, labor done, or money or property actually received; and *all fictitious increase of stock* or indebtedness *shall be void*."

The plaintiff's own testimony shows that he had subscribed originally for $2,500 of stock in said company—say twenty-five shares—with the understanding, that the company was to issue to him "five dollars of stock for one dollar of subscription," which would be $12,500—a fictitious increase of five to one.    The plaintiff sold $1000 (or ten shares) of the original stock, and "gave the defendant *an order* on the Decatur Land Company, *to issue to defendant fifty shares* of said land company stock, which was the amount called for by the $1000 of the original subscription, and to transfer the same to defendant on the books of the company."    This stock was not then issued, but was to be issued on the day of the transaction.

The contract necessarily implied by this transaction is one which seems to us to be in violation of the section of the Constitution above quoted; and this is the consideration of the defendant's promise.    It is a sale, not so much of the stock itself, as a transfer of a *subscription* to ten shares of the stock, based on an illegal agreement of the land company to issue fifty shares of such stock (a fictitious increase of forty shares), with an order on the company instructing it

to carry out the illegal transaction with the purchaser. A contract which contemplates the violation of a statute, or a constitution, as a mode of executing such contract, is illegal and void. It is based on an unlawful consideration, and, if executory, can not be enforced.

One of the purposes of this clause of the Constitution was to protect the public, as well as stockholders, against spurious and worthless stock by the process of *watering*—in other words, from fraudulently issuing and putting on the market fictitious corporate stock, which is based on nothing valuable as a consideration for its issue.—*Fitzpatrick v. Dispatch Pub. Co.*, 83 Ala. 604; *Memphis & Little Rock R. R. Co. v. Dow*, 120 U. S. 287; *Peoria & Springfield R. R. Co. v. Thompson*, 103 Ill. 187. It is greatly to the interest of the public that the policy of this provision should be enforced. We repeat that the present contract is in violation of this provision of the Constitution, and is void.

The court erred in the charges given.

Other questions need not be considered, as the defendant is entitled to the general affirmative charge in his favor, if requested.

Reversed and remanded.