[Smith *et al.* v. Alabama Fruit Growing & Winery Association *et al.*]

# Smith *et al. v.* Alabama Fruit Growing & Winery Association, *et al.*

### *Action upon a Contract.*

1. *Sale of corporate stock; when issue fictitious and violative of the constitution.*—A contract. by a corporation wherein it agrees to pay to a subscriber or purchaser of shares of its capital stock, in dividends, an amount equal to the amount he pays for said stock, is violative of the constitution and void, (Const. Art. XIV, § 6); inasmuch as such contract leaves the issuance of the shares of stock to the subscriber or purchaser wholly unsupported by any consideration, fictitious, illegal and void.

APPEAL from the City Court of Anniston.
Tried before the Hon. JAMES W. LAPSLEY.
The facts are sufficiently stated in the opinion.

JOHN B. KNOX, for appellant.—The contract sued on in this case was valid and binding. Even if it were conceded that it, was beyond the power of the corporation to make such an agreement, the most that could be said of it is that it might be *ultra vires*. But this is a very different thing from saying that the contract is in itself illegal or contrary to public policy.—*Davis v. Montgomery Furnace Co.,* 101 Ala. 127; *Christensen v. Eno,* 106 N. Y. 97; 12 N. E. Rep. 648; Cook on Stocks, § 42, and note; *Morrow v. Steel Co.,* 10. S. W. Rep. 495.

If the contract was *ultra vires* as to the corporation, it would not be so as to the sureties.

BLACKWELL & KEITH and MERRILL & BRIDGES, *contra.* The contract sued on in this case which is set out in full in the complaint, is in violation of section 6 of Article XIV of the Constitution, in that the stock mentioned in said contract as issued to appellants was without con-

sideration, fictitious, and not for money, labor done, or money or property actually received. That contract provides for a repayment of all the purchase price of the stock by the corporation without regard as to whether the corporation was solvent or not, and whether it had earned anything or had a surplus. The corporation undertook to guaranty the appellants a return of their money and allow them to retain the stock, making the issue wholly fictitious. Such contracts can not be enforced.—*Williams v. Evans,* 87 Ala. 725; *Fitzpatrick v. Dispatch Pub. Co.,* 83 Ala. 606.

McCLELLAN, C. J.—This action is prosecuted by Smith *et al.* against said Association and Spencer and other individuals. It is in debt upon a bond executed by the Association as principal and the other defendants as sureties. The obligation of the bond is to pay the plaintiffs $1,125; and the condition thereof is as follows: "Whereas the said Alabama Fruit Growing & Winery Association has sold to the said J. E. Smith and S. R. Smith sixty (60) shares of the par value of twenty-five dollars ($25) each, or $1,500 worth of the capital stock, and has set off and assigned to the said J. E. Smith and S. R. Smith twenty-two hundred and fifty dollars ($2250) worth of contracts for the sale of vineyard lands, and has agreed to return the fifteen hundred dollars in four (4) semi-annual dividends of twenty-five per cent (25), commencing with December 1st, eighteen hundred and ninety-five, the December dividend having already been paid: Now, therefore, if the above bounden Alabama Fruit Growing and Winery Association, as principal, and R. L. Spencer, O. F. Sampson, N. C. Matthews, W. G. Ledbetter and J. B. Merrill, as sureties, shall pay or cause to be paid to the said J. E. Smith and S. R. Smith the sum of eleven hundred and twenty-five dollars ($1,125) in dividends on said stock, at times aforesaid, commencing June 5th, eighteen hundred and ninety-six, then the said J. E. Smith and S. R. Smith shall deliver back to the said Alabama Fruit Growing and Winery Association the twenty-two hundred and fifty dollars ($2,250) worth of contracts assigned to

[Smith *et al.* v. Alabama Fruit Growing & Winery Association *et al.*]

them as security, and this obligation shall be null and void; otherwise to remain in full force and effect." And the breach alleged is that the defendants have wholly failed to pay plaintiffs the sum of eleven hundred and twenty-five dollars in dividends on said stock in four semi-annual dividends of twenty-five per cent. The bond being set out in the complaint, defendants demurred thereto on the grounds: (1) that it appears from said complaint that the contract sued on is illegal and void, in that it is undertaken in said contract to indemnify plaintiffs against loss for a purchase of stock, making the issue thereof fictitious and without consideration; (2) that it appears from said complaint that the contract sought to be enforced in this suit is in violation of section 6, Article XIV of the Constitution of Alabama; and (3) that it appears from said complaint that the contract sought to be enforced in this suit is illegal, without consideration and void. The city court sustained the demurrer; and from its judgment in that regard this appeal is prosecuted.

It requires little, if indeed anything, beyond this statement of the case to demonstrate the correctness of the city court's ruling. The contract sued on is, of course, executory; and its enforcement is sought in this action in furtherance and completion and consummation of a fictitious subscription to the capital stock of a corporation, a transaction prohibited by the organic law of the land and frequently denounced as vicious and incapable of conferring or passing any rights. The jurisdiction of our courts cannot be invoked to enforcement and execution of such undertakings. In substance the contract is for the payment back by the corporation to the subscriber for its stock of the money he subscribes, thus leaving the issuance of the shares to him wholly unsupported by any consideration, fictitious and void; and the action upon the contract is an invocation of the powers of the courts to the accomplishment of this end expressly forbidden by the constitution of the State. If this could be done an easy road would be opened to the utter emasculation of this most just and necessary provision of the constitution by evasions so palpable as to be little, if at

all, short of avowed and direct attempts to defy and override it. Adhering to our former rulings on this subject, we have no difficulty in holding this transaction to be clearly within their influence and within the inhibition of the constitution.—*Williams v. Evans,* 87 Ala. 725; *Fitzpatrick v. Dispatch Publishing Co.,* 83 Ala. 604.
Affirmed.