[Civ. No. 2072.  Second Appellate District.—February 18, 1918.]

## BLOCHMAN COMMERCIAL & SAVINGS BANK (a Corporation), Respondent, v. L. Y. KETCHAM, Appellant.

APPEAL—TYPEWRITTEN TRANSCRIPT—ASSUMPTION AS TO RECORD.—On an appeal from a judgment taken under the alternative method, where only a typewritten transcript is filed, the appellate court will assume that the parties have printed in their briefs such portions of the record as they desire to call to the attention of the court, and the court's statement of facts will be confined to matters thus brought to its attention.

PROMISSORY NOTE—PLACE OF PAYMENT—FILLING IN OF BLANK SPACE BY HOLDER—IMMATERIAL ALTERATION.—Where the place of payment of a promissory note is left blank, and the blank space is preceded by the word "at," there is an implied authority given to the holder to fill in the blank by designating a place of payment at his election, and the act done by him under such authorization is not a material alteration of the instrument.

ID.—NOTE EXECUTED IN FOREIGN COUNTRY—FILLING IN OF PLACE OF PAYMENT AS CALIFORNIA—GOVERNING LAW.—In view of section 1646 of the Civil Code which provides a contract is to be interpreted according to the law of the place where it is to be performed, or if it is does not indicate a place of performance, according to the law of the place where it was made, where a promissory note was made in Mexico, with the place of payment left blank, preceded by the word "at," and the payee filled in the place of payment as California, the note is enforceable as a commercial instrument in California, though not enforceable under the laws of Mexico.

APPEAL from a judgment of the Superior Court of San Diego County.  C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Shreve & Shreve, and Harry W. Horton, for Appellant.

Sam Ferry Smith, and Laurence H. Smith, for Respondent.

CONREY, P. J.—The defendant appeals from the judgment. The action is based upon an alleged promissory note dated at Ensenada, Mexico. The case is presented upon printed briefs and without oral argument. Appellant contends that as to certain matters the evidence does not sustain the findings, and as to other matters that the court erred in its ruling at the trial. On both sides the briefs discuss portions of the evidence without furnishing us any quotations therefrom. Only a typewritten transcript on appeal has been filed. In such cases the rule is that we will assume that the parties have printed in their briefs such portions of the record as they desire to call to the attention of the court, and that our statement of facts should be confined to matters thus brought to our attention. (Code Civ. Proc., sec. 953c; *Jones* v. *American Potash Co.*, 35 Cal. App. 128, [169 Pac. 397]; *Stewart* v. *Andrews*, 35 Cal. App. 230, [169 Pac. 397].) Therefore, we shall discuss on the merits only those points which are illustrated by quotations from the transcript and those assertions of fact made by one party and definitely admitted on the other side, as being shown by the record.

The note as dated and delivered at Ensenada, Mexico, read, in part, as follows: "Six months after date, without grace, I promise to pay to the order of myself at —— One Thousand Dollars, in Gold Coin of the United States of America, of the present standard value." After the note had been delivered and after it came into the possession of the plaintiff, the plaintiff inserted in the blank line left therein, after the word "at," the words "Blochman Commercial & Savings Bank of San Diego, San Diego, California." The defendant claims that this was a material alteration in the instrument and that for that reason no recovery can be had thereon. He further claims that had no place of payment been inserted in the note, questions concerning its execution and meaning would be determined according to the law of Mexico, under which, he asserts, he would be entitled to the equitable defenses set up in the answer. For the reason above suggested, he has not

properly brought before us those equitable defenses or the rulings of the court. We find, however, in the respondent's brief, a quotation from the record which shows that at the trial the attorney for defendant stated: "I do not expect to go into that fraud proposition." We presume that this referred to those equitable defenses, whatever they were.

Section 1700 of the Civil Code provides that, "The intentional destruction, cancellation, or material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the act." Appellant relies upon certain decisions made in other states and upon *Pelton* v. *San Jacinto Lumber Co.,* 113 Cal. 21, [45 Pac. 12]. In the Pelton case it does not appear that any blank was left in the note with words indicating an undesignated place of payment. After its execution it was altered by adding thereto a stated place of payment in the state of New York, although the note was made in California. It was held that this alteration of the note was material. As it read before its alteration it was payable only in this state, but thereafter it was made payable at a designated bank in the state of New York. We are of the opinion, however, that where, as in the case at bar, there is a blank in the note preceded by the word "at," there is an implied authority given to the holder to fill that blank by designating a place of payment at his election. The act done by him under that authorization does not constitute a material alteration in the instrument. In the interpretation of contracts the intention of the parties, so far as ascertainable and lawful, will control. (Civ. Code, secs. 1636, 3268.) The modern trend of authority seems to be that where the place of payment is inserted in a blank of the kind above described, left in the note at the time it was signed or indorsed by the prior party sought to be charged, the holder will be permitted to recover. Some cases base this rule upon the doctrine of estoppel, but the doctrine of implied authority is also fully admitted; it being recognized, however, that an express understanding that no place of payment is to be inserted will in any event negative the implied authority. (*Diamond Distilleries Co.* v. *Gott,* 137 Ky. 585, [31 L. R. A. (N. S.) 643, 126 S. W. 131].) That case is also reported in 31 L. R. A. (N. S.) 643, where the authorities are collected in an exten-

sive note. See, also, note in Ann. Cas. 1912B, 1010. Defendant in this case testified that at the time of the execution of the note nothing was said between himself and the persons to whom he delivered it as to whether or not the place of payment should be filled in. It is not claimed that there is anything in the record to show that the Mexican law did not permit blanks in notes to be filled in by the owner. Therefore, presumably the law of Mexico is the same as that of California, according to which, as we have stated, a blank space of the kind above described may be filled in by the holder of the note.

Appellant further claims that under the laws of Mexico the note could not be enforced as a commercial instrument and was void because it was not in the form and substance required by those laws. "A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." (Civ. Code, sec. 1646.) Our decision that the plaintiff was authorized to make the note payable at a place in California carries with it the conclusion, above stated, that such act of the plaintiff did not constitute an alteration which changed the legal import or effect of the instrument. Therefore, the executory obligations of the note were not extinguished by that act, and the provisions of Civil Code, section 1700, are not applicable to this case.

The note is a valid obligation of the defendant. No contention is made that it is unpaid, or that the plaintiff was not shown to be the owner thereof.

The record as presented to us raises no other questions which we are called upon to consider.

The judgment is affirmed.

James, J., and Works, J., *pro tem.*, concurred.