**COLLINS v. HOLLAND et al.**

No. 22353.   Sept. 11, 1934.

MacDonald & MacDonald, for plaintiff in error.

C. C. Hatchett, for defendants in error.

PER CURIAM. This action was begun in the district court of Bryan county, praying judgment for the balance due on a note dated June 29, 1921, and to foreclose the mortgage which was given to secure the note. The note was originally for $15,000, secured by two mortgages, one covering several hundred acres of land and other property in Texas, and the one sued on in this case covering certain real estate in the state of Oklahoma, including lots 9 and 10, block 129, in the town of Achille. These lots were owned by and were the separate property of defendant in error Ida Holland, purchased with her own funds, and, in addition thereto, these lots and the buildings thereon constituted her family homestead. The note and mortgages were executed at Denison, Tex., signed by J. H. Holland, who is now deceased, and his wife, Ida Holland, and were by their terms payable in the state of Texas.

Prior to the filing of the petition in this case, J. H. Holland filed his petition in bankruptcy in the United States District Court, and, with the exception of the property described in the petition in this case, other property covered by the mortgage was sold under order of the federal court at trustee's sale, and the sum of $11,800 received at said sale was applied on the note involved in this action, leaving a balance of $3,200 principal, together with interest due thereon. In the separate answer of J. H. Holland usury was pleaded, but no evidence introduced to support this contention. In the separate answer of Ida Holland she denied she executed the note and mortgage sued upon, alleging that the description of the property upon which the mortgage was sought to be foreclosed was not included in the mortgage which she did sign. Thereafter, J. H. Holland having died, the cause was revived so far as his interests were affected by a suit in the name of his heirs, but so far as Ida Holland was concerned the defense set up by her in her original answer stood until the 27th day of September, 1930, at which time she filed an amended separate answer pleading failure of consideration and the laws of the state of Texas as to incumbering her separate estate, and alleging that as far as she was concerned there was no liability on the contract.

The case was tried to the judge by agreement of parties, and upon general findings judgment rendered by the court in favor of the defendants in error.

The evidence in the case is very brief, that of the plaintiff in error in substance being: That he lived at Denison, Tex.; that the note and mortgages were executed and were payable at that place; that certain of the lands covered by the mortgages had been sold in the United States Court of Oklahoma and the proceeds credited on the note; that the suit was for the balance unpaid; that he gave a check to J. H. Holland in exchange for the note and mortgages; that this check was payable to Mrs. Holland. On objection of Ida Holland, this last answer was striken out.

Defendant in error Ida Holland testified the note was executed at Denison, Tex.; that she received no part of the $15,000; that she executed the note and mortgages to enable Mr. Holland to get the money to pay his debts, and that he used the money for that purpose; that lots 9 and 10, block 129, was not only her separate property, but the family homestead which she had acquired previous to her marriage to J. H. Holland; that she knew at one time some of this property was included in the mortgages, but thought it had been cleared up; that she did not read the mortgage over; that she just signed it, because she was in the habit of signing papers for Mr. Holland all the time; that she does not know now whether it is in any different condition now than it was when she signed it.

While Mrs. Holland alleged in her answer that the mortgage covered property not listed at the time it was executed and delivered, her own testimony utterly fails to support this contention. When sworn as a witness, she says she does not know whether this property was in the mortgage at the time it was executed or not; that she understood at one time that it was, but thought it had been taken out; that she signed the mortgage without reading it and does not know what property it did cover.

If the validity of mortgages is to be overcome and the legal presumption in their favor destroyed by evidence of this character, then no written instrument can stand in any court.

12

The note and mortgage being joint and several and the presumption of law being that they were given for a sufficient consideration, the evidence of defendant in error is not sufficient to overcome the presumption. There was, therefore, sufficient consideration for the execution and delivery of the note and mortgage in question.

Defendant in error earnestly contends that since the note was made in Texas, payable in Texas, and is to be construed and determined according to the laws of that state, the note is void as to her because under the Texas law she could not join with her husband in the execution of the note.

Defendant in error in her brief cites cases from Illinois, Ohio, Alabama, and the United States Court for the Northern District of Oklahoma.

The rights of married women in the state of Texas were, at the time the note and mortgages in question were executed, regulated by articles 4621, 4622, and 4624 of the Married Woman's Act of 1913.

In Red River National Bank v. Ferguson (Tex.) 206 S. W. 923, that court said:

"The power of the wife to mortgage her separate property for the debts of her husband was not impaired by the Married Woman's Act of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, and 4624.)"

In Bird v. Bird (Tex. Civ. App.) 212 S. W. 253, that court said:

"A married woman may mortgage or pledge her separate property to secure a debt incurred by her husband; her power in that regard not being impaired by the Married Woman's Act of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, and 4624)."

In Swann v. Rotan State Bank (Tex. Civ. App.) 254 S. W. 647-650, in the body of the opinion, that court said:

"It is settled by numerous authorities in this state that the wife can mortgage her separate property to secure a debt of her husband."

It is agreed by all parties that, under the laws of both Oklahoma and Texas, the law of the place where a contract is to be performed is the law which governs in determining its validity. That being so, Ida Holland could mortgage her property in the state of Texas for her husband's debts and the mortgage would be enforceable in that state and equally valid and enforceable in the state of Oklahoma.

Applying the law above cited to the facts in the case at bar, plaintiff in error was entitled to a judgment for the amount prayed for and a decree of foreclosure of his mortgage.

For the reasons stated, the case is reversed and remanded, with directions to the court to enter judgment in favor of plaintiff in error for the amount of the unpaid principal, interest, and costs, with attorney's fees, and a decree foreclosing plaintiff in error's mortgage as provided by the law of Oklahoma regulating the foreclosure of mortgages on homesteads.

The Supreme Court acknowledges the aid of Judge Chappell of the Criminal Court of Appeals, who assisted in the preparation of this opinion. Judge Chappell's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.