**FIRST NATIONAL BANK OF WIBAUX, a corporation, Plaintiff and Respondent,**

v.

**Richard C. DREHER, aka Dick Dreher, doing business as Yellowstone Construction Company, Defendant and Appellant.**

**Civ. No. 8827.**

Supreme Court of North Dakota.

Nov. 29, 1972.

William R. Mills, Bismarck, for defendant and appellant.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff and respondent.

PAULSON, Judge.

This is an appeal by the defendant, Richard C. Dreher, from an adverse judgment rendered by the District Court of Stark County in favor of the plaintiff, First National Bank of Wibaux [hereinafter the Bank], in an action on a promissory note.

The record contains no settled statement of the case. Therefore, this appeal must be deemed to have been taken on the judgment roll, and the appellant is bound by the findings of fact as determined by the district court. Brand v. Brand, 65 N.W.2d 457 (N.D. 1954); Cary v. Kautzman, 78 N.D. 875, 53 N.W.2d 99 (1952). The findings of fact are as follows:

—The Bank is a national banking corporation whose place of business is in Wibaux, Montana. In February of 1967 the Bank began financing Dreher, doing business as the Yellowstone Construction Company. Thereafter the Bank made a series of loans to him, all of which were made and consummated, and evidences thereof signed, by Dreher at the Bank's office in Wibaux, Montana. Prior to November 6, 1970, the Bank had requested Dreher to come to Wibaux to renew three notes which he had signed and which were in default. In response to these requests, Dreher promised that he would come to the Bank in Wibaux for the purpose of executing a renewal note which would supersede the three notes which were in default. On November 6, 1970, after Dreher had failed to come to Wibaux as he had promised, the president of the Bank traveled to Bismarck, North Dakota, in order to secure Dreher's signature on a renewal note. On that date Dreher executed a promissory note payable to the Bank which was intended as a renewal of the three notes which were in default.

—The promissory note of November 6, 1970, provided that it was:

". . . Payable at The First National Bank of Wibaux, Wibaux, Montana, with interest at the rate of 9 per cent per annum from date until due . . . interest payable semi-annually, past due principal and interest to bear interest at the rate of ten per cent per annum until fully paid. . . ."

—On March 6, 1971, after Dreher had made several payments on the renewal note, Dreher later defaulted in his payments, and thereafter the Bank made demand upon him for the payment of the principal and interest owing thereon. On June 1, 1971, after Dreher refused and failed to pay the principal and interest due, the Bank commenced this action for the amount due on the note.

At the trial of the action, Dreher asserted a counterclaim based on §§ 47–14–09 and 47–14–10 of the North Dakota Century Code. Under § 47–14–10, N.D.C.C., a loan contract which is usurious according to § 47–14–09, N.D.C.C., is subject to a claim by the borrower for the entire interest agreed to be paid thereon and for twenty-five percent of the principal thereof. Section 47–14–09, N.D.C.C., defines as usurious any loan contract which provides for the payment of interest on interest overdue. However, the district court found as a matter of law that the question of whether or not the promissory note signed by Dreher was usurious was to be determined according to Montana law, and that, under the relevant provisions of Montana

law [§§ 47–125, 47–126, and 47–127 of Replacement Volume 3 (Part 2), Revised Codes of Montana, 1947], the note was not usurious and therefore was valid and fully enforceable. The district court then entered judgment against Dreher in favor of the Bank for the balance of principal and interest due on the note. From this judgment Dreher has appealed.

This case presents a problem of choice of law in contracts. The particular choice-of-law problem presented is: Which State's law—Montana's or North Dakota's —should be applied to determine if the provision of a promissory note requiring the payment of ten percent interest on interest overdue is usurious, and therefore invalid? In resolving this type of choice-of-law problem, the courts have applied several rules. See 16 Am.Jur.2d, Conflict of Laws §§ 36–53; 15A C.J.S. Conflict of Laws §§ 8–11(5). One rule which has gained wide acceptance is found in § 40 of 16 Am.Jur.2d, Conflict of Laws, wherein it is stated, at page 63:

".  .  .  where the contract is to be performed in a place other than the place where it is made, the law of the place where the contract is to be performed will determine the *validity,* nature, obligation, and effect of the contract  .  .  .  ." [Emphasis added.]

See also § 11(3) of 15A C.J.S. Conflict of Laws. Consistent with this rule is Buskuhl v. Family Life Insurance Co., 271 Cal. App.2d 514, 76 Cal.Rptr. 602 (1969); Castilleja v. Camero, 414 S.W.2d 424 (Tex. 1967); Breen v. Aetna Casualty and Surety Company, 153 Conn. 633, 220 A.2d 254 (1966); In re Grace's Estate, 88 Cal.App. 2d 956, 200 P.2d 189 (1948); Collins v. Holland, 169 Okl. 10, 34 P.2d 587 (1934); Blochman Commercial & Savings Bank v. Ketcham, 36 Cal.App. 284, 171 P. 1084 (1918).

■ This type of choice-of-law rule, which places controlling effect on the law of the place of performance, has been codi-fied in § 9–07–11, N.D.C.C. In Nordenstrom v. Swedberg, 143 N.W.2d 848 (N.D. 1966), by application of § 9–07–11, this court held that the validity of a contractual provision is to be determined according to the law of the place where the contract is to be performed, or if it does not indicate a place of performance, then according to the law of the place where it is made. The class of choice-of-law rule set out in § 9–07–11, N.D.C.C., as construed by Nordenstrom v. Swedberg, *supra,* has been articulately criticized because of its inherent weaknesses [see Weintraub, Russell J., Commentary on the Conflict of Laws (1971); and Leflar, Robert A., The Law of Conflict of Laws (1959)], and because of its statutory origin [see Leflar, Robert A., American Conflicts of Law (1968)]. However, because of its statutory origin in § 9–07–11, N.D.C.C., we are constrained to follow it.

■ Application of the choice-of-law rule of Nordenstrom v. Swedberg, *supra,* requires that we first determine the place of performance of the contract between Dreher and the Bank. The place of performance of a promissory note is the place of payment. 11 Am.Jur.2d, Bills and Notes § 97. The note in the instant case provided that it was "Payable at The First National Bank of Wibaux, Wibaux, Montana  .  .  .  ." Consequently, the place of performance of the note in the instant case was Montana, and the choice-of-law rule of Nordenstrom v. Swedberg, *supra,* requires us to apply Montana law in determining if the provision of the note providing for the payment of interest on interest overdue is usurious and therefore invalid.

■ We agree with the district court's finding that the note would not be usurious under Montana law. Under a reasonable interpretation of §§ 47–125, 47–126, and 47–127, Repl.Vol. 3 (Part 2), Revised Codes of Montana, 1947, the note is not usurious because these sections of the Montana law clearly allow interest charges up to and including the rate of ten percent per annum

(§ 47–125), and also permit past-due interest to become a part of the principal and thereafter bear interest until paid (§ 47–127).

Having concluded that Montana law was the appropriate law to be applied in determining whether or not the promissory note was usurious and having further concluded that the promissory note was not usurious under Montana law, the judgment of the district court is affirmed.

STRUTZ, C. J., and ERICKSTAD, TEIGEN, and KNUDSON, JJ., concur.